967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael POLLOCK, Defendant-Appellant.
 No. 91-15620.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 17, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lawrence Pollock appeals from the final judgment of the district court denying his motion for correction of sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Michael Pollock was convicted on thirty-seven separate counts of narcotics and firearms violations arising from a seventy-three count indictment. On February 3, 1983, the district court sentenced Pollock to consecutive five year terms on counts 1, 21, 22 and 23, and a consecutive two year term on count 24. Pollock further received five year terms on counts 25-29, 31-45, 49, 56-59 and 62-67, and a two year term on count 73. The sentence on each of those counts was to run concurrently to the sentence on every other count. In all, Pollock was sentenced to a term of incarceration of twenty-two years.
 
 
 4
 In United States v. Pollock, 726 F.2d 1456 (9th Cir.1984), we held that count 1 of the indictment had been returned in violation of the Speedy Trial Act. Accordingly, Pollock's conviction on count 1 was vacated and we remanded to the district court to determine whether that count should be dismissed with prejudice.
 
 
 5
 On September 20, 1984, the district court dismissed count 1 with prejudice. The district court further ordered that "counts 25, etc., and count 73, all of which were to run concurrent with counts 1, 21, 22 and 23, cause the sentence to remain at the agreed-upon 22 year term."
 
 
 6
 On March 28, 1991, Pollock filed a motion for correction of sentence pursuant to Fed.R.Crim.P. 35(a) and 28 U.S.C. § 2255. Pollock argued that, upon dismissal of count 1 by the district court, his sentence should have been correspondingly reduced by five years. Pollock contended that his term of incarceration should therefore be seventeen years, not twenty-two years. On April 11, 1991, the district court denied the motion and Pollock appeals.
 
 II
 
 7
 In United States v. Andersson, 813 F.2d 1450, 1460 (9th Cir.1987), we stated that the effect of vacating the conviction on one of two concurrent five-year sentences was to "[leave] intact the same actual sentence to be served by the defendant." Here, as in Andersson, Pollock's term of incarceration is left intact by our vacating his conviction on count 1. To hold otherwise would achieve the anomalous result of reducing Pollock's sentence if we vacated his conviction on counts 1, 21, 22, 23 or 24, but not if we vacated his conviction on counts 25-29, 31-45, 49, 56-59, 62-67 or 73. We decline Pollock's invitation to create such an anomaly. See also United States v. Koonce, 945 F.2d 1145, 1153 (10th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (1992) ("[one] consequence of a concurrent sentence is that where an accused manages to avoid one of his sentences through collateral attack, he may still not be released because of a concurrent sentence stemming from [a different] count.").
 
 III
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3